J-S36029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                  :          PENNSYLVANIA
                  :
         v.                  :
                  :
                  :
GABRIELLE VICTORIA AYALA    :
                  :
        Appellant       :    No. 392 MDA 2019

Appeal from the Judgment of Sentence Entered January 30, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000200-2016

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:          **FILED SEPTEMBER 24, 2019**

Appellant, Gabrielle Victoria Ayala, appeals from the judgment of sentence entered on January 30, 2019, in the Franklin County Court of Common Pleas following the revocation of her probation. Appellant's counsel has filed a petition to withdraw representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition to withdraw. Following our review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the facts and procedural history of this case as follows:

On August 10, 2015, the Pennsylvania State Police charged [Appellant] with Retail Theft,[1] graded as a felony of the third

_____

\*   Retired Senior Judge assigned to the Superior Court.

degree. *See Police Criminal Complaint*. The Public Defender's Office was appointed to represent [Appellant]. After a number of continuances, [Appellant] appeared with counsel before the issuing authority and waived her right to a preliminary hearing on February 2, 2016. *See Waiver of Preliminary Hearing*, February 2, 2016.

---

[1] 18 Pa.C.S. § 3929(a)(1).

The Commonwealth filed an *Information* charging [Appellant] with Retail Theft (F3) on March 4, 2016. See *Information*, March 4, 2016. [Appellant] entered a plea of not guilty in this court on March 9, 2016. *Id*.

After a number of continuances of trial, the parties appeared before the court on August 11, 2016; at that time, [Appellant] entered into a negotiated plea agreement with the Commonwealth. *See Order*, August 11, 2016, and attached *Plea Agreement*. In exchange for [Appellant's] plea of guilty to the charge as filed, the Commonwealth agreed to, *inter alia*, a pled-to sentence of not less than time-served to twelve (12) months in the county jail, followed by twelve (12) months of probation. *Id*. The court accepted [Appellant's] plea and the agreement with the Commonwealth and immediately imposed the agreed-upon sentence. *See Order of Court*, August 11, 2016.

On May 25, 2017, the court found[2] [Appellant] in violation of . . . parole . . ., and recommitted her to the county jail to serve the balance of the sentence; the twelve-month probationary period was reinstated at the expiration of the parole sentence. *See Order of Court*, May 25, 2017. [Appellant] was paroled on October 6, 2017.

---

[2] [Appellant] waived her *Gagon I* & *II* hearings. *See Order of Court*, May 25, 2017.

On December 4, 2018, the Adult Probation Department filed a *Notification of Hearing for Violation of Probation, Parole, Intermediate Punishment, or Conditions of Suspended Sentence (Notification)*. The Probation Department alleged [Appellant] was in violation of the probation period of the sentence due to being charged with multiple counts of drug trafficking and related offenses in the State of Maryland, being charged with Retail Theft (F3) by the Chambersburg Police Department (Franklin County), failing to comply with special conditions of probation (drug &

alcohol treatment and community service), and failing to pay fines/costs/restitution. *See Notification*, ¶¶ 1–4.

On January 23, 2019, [Appellant] appeared before the court in this matter and in three un-related charges of Retail Theft (F3) that had been filed[3] against [Appellant]. *See Transcript of Proceedings of Plea Colloquy*, January 23, 2019. [Appellant] entered a negotiated plea agreement with the Commonwealth on the new offenses, and sentencing was deferred until January 30, 2019, for consideration with this violation case. *Id*., p. 10.

[3] Docket Numbers CP-28-CR-0002216-2018, CP-28-CR-0002320-2018, and CP-28-CR-0002321-2018.

On January 30, 2019, [Appellant] appeared before this court with counsel and knowingly and voluntarily waived her right to a Gagon II hearing. *See Order of Court*, January 30, 2019. [Appellant] admitted to failing to live as a law abiding citizen (the aforementioned Retail Theft pleas), possessing a controlled substance and paraphernalia, and failed to make payments on fines/costs/restitution as directed; [Appellant] denied failing to comply with special conditions of the sentence. *See Transcript of Proceedings of Re-sentencing Hearing*, January 30, 2019, p. 4. The court accepted her waiver, her acknowledgement of being in violation of probation, and proceeded to resentencing.

After hearing argument from counsel and [Appellant's] statements, the [c]ourt imposed a sentence of not less than twenty-four (24) months to not more than eighty-four (84) months[1] in the state correctional system.[4] [Appellant] filed a *Post-Sentence Motion* seeking modification of sentence on February 6, 2019. The Court issued an order determining hearing/argument to be unnecessary and directed the Commonwealth to file a response by February 22, 2019. *See Order*, February 7, 2019. The Commonwealth timely complied.

[4] The sentences for the new offenses resulted from the plea agreement between the parties whereby those sentences would be state sentences and be consecutive to the sentence herein. *See Transcript of Proceedings of Plea Colloquy*, January 23, 2019, p. 5.

---

[1] The court granted "credit for time previously served." Sentencing order, 1/30/19.

However, before this court decided the *Post-Sentence Motion*, [Appellant] filed a *Notice of Appeal* to the Superior Court.[5] *See Notice of Appeal*, March 1, 2019. That same day, the court directed [Appellant] to file a concise statement of matters complained of on appeal. *See Order*, March 1, 2019. [Appellant] timely complied on March 19, 2019. *See Concise Statement of Matters Complained of on Appeal (Concise Statement)*, March 19, 2019.

> [5] Because the sentence in this case was imposed after revocation of probation, [Appellant's] *Post-Sentence Motion* did not toll the thirty day period to perfect an appeal in the Superior Court. *See* Pa.R.Crim.P. 708.

Trial Court Opinion, 3/25/19, at 1–5.

Before we address any question raised on appeal, we must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id.*** at 1032 (citation omitted).

In addition, our Supreme Court, in ***Santiago***, 978 A.2d 349, stated that an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel has complied with the requirements for withdrawal outlined in *Anders*. Specifically, counsel requested to withdraw based upon his determination that the appeal is wholly frivolous. Petition to Withdraw as Counsel, 5/8/19, at ¶ 7. Additionally, counsel sent a letter to Appellant, and he attached a copy of the letter to his motion. Counsel informed Appellant that he has filed a motion to withdraw and an *Anders* brief, and he apprised Appellant of his immediate right to proceed *pro se* or with private counsel, in light of the motion to withdraw as counsel. *Id.* at Exhibit A. Thus, Appellant's appellate counsel satisfied the requirements of *Anders*.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361; *Cartrette*, 83 A.3d at 1032.

Counsel's brief is sufficiently compliant with *Santiago*. It sets forth the history of this case, outlines pertinent case authority, and refers to an issue of arguable merit.[2] *Anders* Brief at 7–12. Further, the brief advances counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. *Id.* at 13–14. Accordingly, we proceed to examine the issue counsel identified in the *Anders* brief, and then we conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).

Counsel for Appellant has indicated that after review of the certified record, there are no meritorious issues. *Anders* Brief at 8. However, counsel set forth one possible issue on Appellant's behalf:

> 1. Did the trial court abuse its discretion when it sentenced [Appellant] on January 30, 2019 to a sentence of twenty-four (24) months to eighty-four (84) months in a State Correctional Institution in case no. 200-2016?

---

[2] While counsel did not attach a certificate of service to the brief or application to withdraw as cousel, the letter to Appellant indicates that the brief and withdrawal request were attached. Moreover, we have overlooked counsel's failure to cite to the record in his brief, but remind counsel of his duty to do so. *See* Pa.R.A.P. 2117(a)(4) (Statement of the case shall contain, *inter alia*, "an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found."); *Santiago*, 978 A.2d at 361 (emphasis added) ("in the *Anders* brief that accompanies . . . counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, **with citations to the record**.").

***Anders*** Brief at 7.

Appellant's issue presents a challenge to the discretionary aspects of his sentence, and it is well settled that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014). When an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. Hill***, 210 A.3d 1104, 1116 (Pa. Super. 2019). Moreover, when considering the merits of a discretionary-aspects-of-sentencing claim, we analyze the sentencing court's decision under an abuse-of-discretion standard. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1274 (Pa. Super. 2013).[3]

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 708; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

---

[3] We recognize that the sentencing guidelines do not apply to a revocation sentence. 204 Pa. Code § 303.1(b); ***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014).

> from is not appropriate under the Sentencing Code,
> 42 Pa.C.S.A. § 9781(b).

*Id*. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Hill*, 210 A.3d at 1116.

Herein, Appellant filed a timely appeal and preserved the issue in his post-sentence motion. Appellant has included a Pa.R.A.P. 2119(f) statement in his brief. Thus, we determine whether Appellant has raised a substantial question that the sentence imposed is inappropriate under the Sentencing Code. *Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015).

Appellant asserts that the sentence imposed was manifestly unreasonable. *Anders* Brief at 9. Specifically, Appellant posits that a reasonable sentence would have been either eighteen to sixty months of imprisonment as recommended by Franklin County Adult Probation or nine to sixty months as counsel advanced in his argument at re-sentencing. *Id.* at 9, 12. While counsel asserts in the Pa.R.A.P. 2119(f) statement that he was unable to advance a colorable argument that the sentence imposed was inconsistent with a specific provision of the Sentencing Code, *Anders* Brief at 10, it is clear he contends that the court failed to consider Appellant's drug addiction, which she alleged was at the root of her criminal conduct, and therefore, failed to consider mitigating factors. *Id.* at 12. We conclude that Appellant raised a substantial question that the sentence appealed is not appropriate under the Sentencing Code, but we find that the claim lacks merit.

*See Commonwealth v. Caldwell*, 117 A.3d 763, 769-770 (Pa. Super. 2015) (*en banc*) (holding that an assertion that a sentence is excessive, in conjunction with a claim that the trial court failed to consider mitigating factors, raises a substantial question).

At sentencing, defense counsel had ample opportunity to provide the court with a background of relevant mitigating factors. N.T., 1/30/19, at 7–9. Counsel averred that Appellant's drug addiction "inspire[d] a lot of what's happened here." *Id.* at 8. Counsel emphasized that Appellant has children who will "inspire her to do better." *Id.* at 7. Appellant, herself, addressed the court and also emphasized her reliance on drugs and her responsibility to her children. *Id.* at 9–10.

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference because the sentencing court is in the best position to view a defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted). As we have stated, "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002).

The trial court reviewed all relevant and available information, and informed Appellant of the basis for the sentence. In relevant part, the trial court stated:

> [By the court:] Ms. Ayala, in imposing sentence, I've considered the Fulton County Adult Probation Department's probation violation sentence summary sheet and all the attachments there to and I've considered the comments of counsel. I've considered your comments today and I've considered your prior record as laid out by the day. And I think it's quite relevant to explain some things in regards to the [c]ourt's sentence.
>
> The first of which is your record begins, at least as far as we know, from 2009 with the paraphernalia charge out of North Hamilton County in Pennsylvania[. T]here's a DUI out of West Virginia in 2015, prostitution out of West Virginia in 2015, three retail thefts at the felony level in Virginia in 2016; Delaware, two counts in 2015; there's an accident involving damage out of Delaware, 2015; another retail theft, felony level, out of this County in 2016; retail theft, felony level, out of this County in 2017; there is a theft conviction out of the State of Maryland from 2018; and then begins a number of pending theft offenses in the State of Maryland, State of West Virginia, Cumberland County, Pennsylvania and more out of Virginia that are all pending at some level.
>
> What's interesting to the [c]ourt based upon your comments, Ms. Ayala, is that you have a son who's 9 years old and it would appear that your criminal career launched sometime around the time you began having children. So it's a bit disingenuous in the [c]ourt's mind that your children have been any kind of incentive for you to reform your conduct to comply with the law.
>
> In fact, based on your criminal record, it would appear that you care very little for your children. Your repeated violations of the law have basically ensured that you will not be available to them as a mother and that is as basic [a] violation of human decency as you can have.
>
> The mother of a child is basically the child's last line of defense against the world. Sometimes there's a father,

- 10 -

sometimes there's not, but the mother in almost all cases is the last one available to the child. And if she can't prioritize the child in her life and in your case children in your life[,] that's quite frankly, pretty disgusting.

My opinion, Ms. Ayala, is—I fall somewhere between w[h]ere the Commonwealth is saying you're not rehabilitatively capable and your attorney who says you absolutely are. It could be that your children are incentive for you to bring your behavior in conformance with the law. There's not much evidence of that, if any.

The other side of it is, there's a substantial amount of evidence that you're going to continue to victimize the community. Retail theft, unlike other types of theft, has a rippling effect. You steal an individual's car, you victimize that individual and maybe their family, it makes it difficult for them to provide transportation for themselves and others and their family.

You steal from a store, the store doesn't just absorb that cost. In other words, the store will pass that cost along to everyone else who obeys the law and pays for the goods that are offered for sale and that results in higher prices. So your victimization is not just of the business and having to pay for security personnel and security systems and those things, but it goes beyond that to all the customers of that business. They now suffer because of your conduct. And that includes people in Virginia, West Virginia, North Hamilton County, the State of Maryland, and Fulton County.

That's setting aside the fact that you committed similar offenses while under supervision for similar conduct. There can really be no better evidence that you have not reformed than to go out and do the same thing.

N.T., 1/30/19, 11–14.

The trial court set forth its considerations, explained the basis for the sentence, and considered the mitigating factors put forth by Appellant. Accordingly, we discern no abuse of discretion in the sentence imposed.

- 11 -

Finally, we have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. *Yorgey*, 188 A.3d at 1195. After review of the issue raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous.[4] Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/24/2019

---

[4] When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed after probation revocation, and the discretionary aspects of sentencing. *Cartrette*, 83 A.3d at 1035–1037.